No. 26-1731

---

**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

---

DEBORAH MALLOY,
Plaintiff-Appellant,

v.

TRILEAF CORPORATION AND T. SCOTT MUSCHANY,
Defendants-Appellees.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
THE HONORABLE CATHERINE D. PERRY, UNITED STATES DISTRICT JUDGE

---

# APPELLEES' MOTION FOR SANCTIONS

---

Joy D. McMillen, #42822MO
Christopher M. Brown, #75495
LEWIS RICE LLC
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7703
Facsimile: (314) 612-7703
Email: jmcmillen@lewisrice.com
cbrown@lewisrice.com

***Attorneys for Appellees Trileaf Corporation and T. Scott Muschany***

COME NOW Appellees Trileaf Corporation and T. Scott Muschany (collectively, "Trileaf"), by and through their undersigned counsel, and, pursuant to Rule 38 of the Federal Rules of Appellate Procedure and this Court's inherent power, respectfully request that this Court sanction Appellant Deborah Malloy ("Malloy") and her counsel of record (collectively, "Appellant"), including by dismissing Appellant's appeal and/or striking portions of Appellant's brief, awarding attorneys' fees and costs jointly and severally, and entering such other sanctions as this Court may deem just and proper in the circumstances, for misrepresenting this Court's rulings in the context of Appellant's brief by including several fabricated quotations and citing this Court's opinions for propositions of law that have not been so held by this Court in such opinions. In support of this Motion, Appellees state as follows:

1. "[A] court of appeals may impose sanctions where appropriate; the possibility of sanctions also helps deter frivolous appeals." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 745 (2023); *see also* Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may after a separately filed motion or notice from the court . . . award just damages and single or double costs to the appellee.").

2. "Rule 38 sanctions may be imposed for appeals that are 'frivolous as argued.'" *Meyer v. US Bank Nat. Ass'n.*, 792 F.3d 923, 929 (8th Cir. 2015).

3. "An appeal may be frivolous as argued if supporting briefs (1) contain 'citations of inapplicable or irrelevant authorities' or (2) 'misrepresent[] facts or law

to the court.'" *Amarsingh v. Frontier Airlines, Inc.*, No. 24-1391, 2026 WL 352016, at *7 (10th Cir. Feb. 9, 2026) (quoting *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1579 (Fed. Cir. 1991)). And "[an appellant's] citation of multiple nonexistent cases and her misattribution of propositions and quotations to actual cases meet this standard." *Amarsingh*, 2026 WL 352016, at *7.

4. Moreover, "citations to nonexistent cases and attribution of propositions or quotations to [ ] real cases that d[o] not stand for the propositions or contain the quotations" in a brief raises a suspicion of the "use of generative artificial intelligence (GenAI) in researching and drafting [the] brief." *Id.* at *5.

5. In such instances, federal circuit courts of appeals have relied upon their "inherent power to impose sanctions for abuse of the judicial process" to sanction appellants for citing non-existent cases, including fabricated quotations, and/or attributing propositions to real cases that do not stand for the propositions or contain the purported quotations. *See, e.g., Fletcher v. Experian Info. Sol., Inc.*, 168 F.4th 231, 240 (5th Cir. 2026); *Parnell v. Fla. Dep't of Corrs.*, 181 F.4th 1209, 1211-12 (11th Cir. 2026) (striking portions of appellant's reply brief which contained nonexistent authorities and citations generated by AI); *Whiting v. City of Athens, Tenn.*, 170 F.4th 455, 458-68 (6th Cir. 2026) (sanctioning appellant's attorneys joint and severally for appellees reasonable attorneys' fees incurred on appeal, doubling those costs, and further ordering them to pay punitive monetary sanctions to the

court's registry for misrepresenting the record, citing non-existent cases, and citing cases for propositions of law that they did not even discuss, much less support).

6. As other circuits have held, these sanctions, through the exercise of inherent power, may include dismissal of an appeal. *See MacArthur v. San Juan Cnty.*, 495 F.3d 1157, 1161 (10th Cir. 2007) (recognizing the court's "'inherent authority' to dismiss an appeal," lacking merit and proceeding to dismiss an appeal under such authority as "frivolous"); *see also Rowe v. Brookdale Univ. Hosp.*, No. 24-2173, 2025 WL 2404153, at *1 (2nd Cir. May 15, 2025) (dismissing an appeal with reference to inherent authority where the appeal "lack[ed] an arguable basis either in law or in fact."); *Fletcher*, 168 F.4th at 240 (explaining that a court of appeals has the "inherent power to impose sanctions for abuse of the judicial process.").

7. Additionally, "[u]nder Federal Rule of Appellate Procedure 38, [this] [Court] can award damages and single or double costs." *Whiting*, 170 F.4th at 465. "The amount awarded as just damages may include all of the expenses incurred on appeal,' including 'an award of attorney's fees,' 'or any lesser sum that the court deems appropriate.'" *Id.* at 465-66. (citation omitted). "Rule 38 does not require [this] [Court] to determine whether the attorneys' fees were reasonable,' so [this] [court] can award whatever amount the appellee's counsel charged the appellee if

[this] [Court] [is] so inclined." *Id.* at 466 (quoting *Sun-Tek Indus. v. Kennedy Sky-Lites, Inc.*, 865 F.2d 1254, 1255 (Fed. Cir. 1989)).

8. Here, Appellant's Opening Brief contains multiple misrepresentations of this Court's decisions, and it specifically misrepresents this Court's long-standing applicable standard of review for reviewing a district court's award of sanctions pursuant to its inherent power. Appellant's misrepresentations, which include fabricated quotations of this Court's legal precedent, seemingly indicate Appellant's use of generative artificial intelligence (AI) to craft at least portions of Appellant's Opening Brief, for which this Court may award sanctions to remedy the abuse of the judicial process caused thereby. *See Fletcher*, 168 F.4th at 240.

9. Specifically, Malloy's Opening Brief contains the following fabricated quotations and mis-statements of the law, each of which relate to two of this Court's published decisions:[1]

| **Citation** | **Purported Quotation** |
|---|---|
| *Westcott Agri-Products, Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1094 (8th Cir. | "A district court abuses its discretion if it '***fails to consider a relevant factor that should have been*** |

[1] Malloy's Opening Brief also incorrectly cites *Goodyear Tire & Rubber Co. v. Haeger* in more than one instance. Malloy's Brief cites *Goodyear* as "581 U.S. 222 (2017)" in the Table of Authorities, twice in the Statement of the Issues, and again in the Summary of the Argument section; however, Malloy correctly cites to *Goodyear* in the Argument section of the Opening Brief. *Compare* Appellant's Br., at 4,7, and 12, *with* Appellant's Br., at 15 and 19.

| Citation | Purported Quotation |
| --- | --- |
| 2012) (Appellant's Br., at 13-14.) | ***given significant weight***' or '***commits a clear error of judgment***."[2] |
| *Westcott Agri-Products, Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1094 (8th Cir. 2012) (Appellant's Br., at 16.) | "In *Westcott Agri-Prods., Inc. v. Sterling State Bank, Inc.*, this Court explicitly dictated that when a party's discovery expenditures are '***completely coextensive with the work it was already structurally required to perform***' to satisfy its own burden of proof, those costs constitute non-shiftable baseline litigation costs." |
| *Schlafly v. Eagle Forum*, 970 F.3d 924, 937 (8th Cir. 2020) (Appellant's Br., at 17) | "The legal standard applied by a district court to hold an attorney personally, jointly, and severally liable for fees under its inherent power ***is a question of law reviewed de novo***." |

10. Following Trileaf's review, the purported quotations from *Westcott* (emphasized in the chart above) are entirely absent from this Court's decision. *See generally, Westcott Agri-Products, Inc.*, 682 F.3d 1091 (8th Cir. 2012).

[2] Although the quoted excerpt is not contained within *Westcott*, the language appears in *Murphy v. Continental Res., Inc.*, 181 F.4th 831, 839 (8th Cir. 2026) ("The district court abuses its discretion when it fails to consider a relevant factor that should have been given significant weight, considers an irrelevant or improper factor and gives it significant weight, or considers all the proper factors but commits a clear error of judgment in weighing those factors." (quoting *Am. Civ. Liberties Union of Minn. v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1093 (8th Cir. 2011))). Contrary to the District Court's use of inherent powers to award attorney's fees in the present matter, in *Murphy*, the attorney's fees were awarded pursuant to North Dakota statute—N.D. Cent. Code § 38-11.1-09—which allows an award of attorney's fees where a person seeking compensation for oil and gas production damage denies an offer of the mineral developer. *See Murphy*, 181 F.4th at 838-39; N.D. Cent. Code § 38-11.1-09.

11. Further, Malloy wrongly asserts that *Schlafly* stands for the proposition that *de novo* review is required when attempting to hold an attorney personally, jointly and severally liable for fees under a district court's inherent power. *See* Appellant's Br., at 17. To the contrary, *Schlafly* expressly provides that this Court reviews "a [district] court's imposition of sanction under its inherent power for ***abuse of discretion***," and *Schlafly*'s only discussion of "de novo review" pertains to this Court's review of a Rule 12(b)(6) dismissal for failure to state a claim. *Schlafly*, 970 F.3d at 935-936 (emphasis added).

12. Simply put, Malloy and her counsel's arguments relating to an inapplicable standard of review—namely *de novo* review of a district court's award of sanctions—are appropriately considered frivolous and without basis in law. And, as recognized by the Court of Appeals for the Second and Tenth Circuits, such deficiencies provide ample grounds for dismissal of the appeal in its entirety. *See MacArthur*, 495 F.3d at 1161 (recognizing the court's "'inherent authority' to dismiss an appeal," lacking merit and proceeding to dismiss an appeal under such authority as "frivolous"); *see also Rowe*, 2025 WL 2404153, at *1 (dismissing an appeal with reference to inherent authority where the appeal "lack[ed] an arguable basis either in law or in fact.").

13. Further, Malloy's Opening Brief contains multiple fabricated quotations and misrepresentations of legal precedent, which provide an additional

basis for this Court's imposition of an award of sanctions. *Fletcher*, 168 F.4th at 240; *Amarsingh*, 2026 WL 352016, at *7. Appellant's fabricated quotations and misrepresentations of legal precedent are also eerily similar to those "sworn falsehoods and misrepresentations during discovery," for which the District Court awarded the attorney's fees at issue in this appeal. (R. Doc. 91, at 6.)

14. Ultimately, Appellant's appeal is necessarily rendered frivolous as filed, or as argued, by reason of: Appellant's seeming reliance on fabricated quotations of this Court's published opinions; the absence of legal precedent to support Appellant's erroneous assertion that the District Court's sanctions against Malloy's counsel is subject to any standard of review other than abuse of discretion; and Appellant's abject failure to demonstrate, much less argue, to the District Court or this Court how the sanctions award included fees that were not incurred by Trileaf by reason of Appellant's misconduct. Appellant does not otherwise adequately present any issue for this Court's review. Consequently, it is well within this Court's inherent authority to dismiss Appellant's appeal and/or impose any other or further sanction that this Court deems just and appropriate in the circumstances to punish Appellant and to deter others from engaging in similar conduct before this Court. *See, e.g., Meyer*, 792 F.3d at 929 n.3 ("An appeal is . . . 'frivolous as argued' when an appellant has not dealt fairly with the court, has significantly misrepresented the law or facts, or has abused the judicial process by repeatedly litigating the same issue

in the same court.") (citation omitted); *Fletcher*, 168 F.4th at 240 ("Submitting a brief riddled with fabricated quotations and assertions is such an abuse."); *MacArthur*, 495 F.3d at 1161; *Rowe*, 2025 WL 2404153, at *1.

15. Accordingly, sanctions are warranted, and this Court should impose them against Appellant, jointly and severally. *Coinbase, Inc.*, 599 U.S. at 745; *Fletcher*, 168 F.4th at 240.

WHEREFORE, Appellees Trileaf Corporation and Scott T. Muschany respectfully request that the Court enter an Order granting this Motion and imposing sanctions, including dismissing Appellant's appeal in its entirety or striking portions of Appellant's Opening Brief, awarding attorneys' fees and costs jointly and severally, pursuant to Fed. R. App. P. 38 or the Court's inherent power, and imposing such other and further sanctions against Appellant Malloy and her counsel as the Court may deem just and proper in the circumstances, and to enter all such other and further relief in favor of Appellees and against Appellant Malloy and her counsel as the Court deems just and proper in the circumstances.

Respectfully submitted,

DATED: August 12, 2026

**LEWIS RICE LLC**

By: *\/s/ Joy D. McMillen*

Joy D. McMillen, #42822MO
Christopher M. Brown, #75495MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7703
Facsimile: (314) 612-7703
Email: jmcmillen@lewisrice.com
cbrown@lewisrice.com

*Attorneys for Appellees Trileaf Corporation And T. Scott Muschany*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Motion complies with the type-volume requirements of Fed. R. App. P. 27(d)(2)(A) because it contains 1,961 words, excluding the caption, signature block, Certificate of Service, and this Certificate of Compliance. I further certify that this Motion complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in fourteen (14) point Times New Roman font. I further certify that the electronic version of this Motion filed with the Court complies with this Court's Local Rule 25A because it has been submitted in Portable Document Format (PDF), which was generated by printing to PDF from the original word processing file so that the electronic version may be searched and copied.

Dated: August 12, 2026 /s/ Joy D. McMillen

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2026, I electronically filed the foregoing pleading with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit via the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/* Joy D. McMillen



Appellate Case: 26-1731 Page: 12 Date Filed: 08/12/2026 Entry ID: 5671577